UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ELIZABETH P. CHEN,

     Plaintiff,

v.

NATIONS RECOVERY CENTER INCORPORATED.,

     Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, ELIZABETH P. CHEN, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, NATIONS RECOVERY CENTER INCORPORATED, is a professional corporation and citizen of the State of Georgia with its principal place of business at 6491 Peachtree Industrial Boulevard, Doraville, Georgia, 30360.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as defined in the FDCPA.

8.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.      Defendant left the following message on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

May 19, 2010
My name is Dee Washington. I'm calling regarding the claim of 2155170. This claim is registered under the name of Elizabeth Chen. Ms. Chen, it's imperative I speak to you or your legal representative, if retained, at 770, under the I'm sorry 770-234-0101 extension 3039. Under the federal law of the article 95109. I will need to speak with you directly, Ms. Chen. Good luck to you.

<u>May 26, 2010</u>
Ms. Elizabeth Chen, this is Dee Washington. I am not calling regarding a solicitation matter. This call is reference to the claim filed under your name and social security number. Under the federal statute of 95109, I will need to speak with you directly at the number is 770-234-0101 extension 3039. Please reference the claim at the time of your call back of 2155170.

11.     Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div</u>., Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.     Defendant failed to inform Plaintiff in the messages that the

communication was from a debt collector and failed to disclose the purpose of

Defendant's messages and failed to disclose Defendant's name.

14.     Defendant used an automatic telephone dialing system or a pre-

recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15.     None of Defendant's telephone calls placed to Plaintiff were for

"emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

16.     Defendant willfully or knowingly violated the TCPA.

### <u>COUNT I</u>
### <u>FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR</u>

17.     Plaintiff incorporates Paragraphs 1 through 16.

18.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

19.     Plaintiff incorporates Paragraphs 1 through 16.

20.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

21.    Plaintiff incorporates Paragraphs 1 through 16.

22.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    a declaration that Defendant's calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658